UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SAYLAVEE LLC &
STEVEN LICHTMAN,
     -Plaintiffs

    -v-                                    CIVIL 3:04CV1344(CFD)(TPS)

SCOTT B. HOCKLER d/b/a
DUCKY INTERACTIVE, INC. &
DUCKY INTERACTIVE LLC,
     -Defendants

## RULING ON PENDING MOTIONS

Pending before the court is the plaintiffs' Motion to Compel and for Sanctions, movant Holly Weissman's ("Weissman") Motion for Termination or Limitation of Deposition Order, and the defendants' Motion for Protective Order. As explained below, the plaintiffs' Motion to Compel and for Sanctions **(Dkt. #41)** is **GRANTED IN PART**. The movant's Motion for Termination or Limitation of Deposition Order **(Dkt. #50)** is **GRANTED IN PART**. The defendants' Motion for Protective Order **(Dkt. #53)** is **GRANTED IN PART**.

### Relevant Facts

As part of discovery, the plaintiffs deposed Ms. Weissman regarding (1) the conduct of, and accuracy of representations made by Mr. Hockler regarding his wealth, power, business savvy, and

personal relationships (See Pls.' Mem. Supp. Mot. Comp., 3/15/05, at 6-13); (2) the acquisition and value of the Connecticut Studios (See id. at 13-14); (3) Mr. Hockler's relationship with Mr. Lichtman (See id. at 15-17); (4) her claim of privilege vis-à-vis certain requests (See id. at 17-19); and (5) her due diligence regarding the subpoena duces tecum. (See id. at 19-24).  In total, Ms. Weissman, either at the request of counsel or on her own initiative, refused to answer seventy-two questions. (Id. at 25 n.6).  Through their motion to compel, the plaintiffs seek answers to sixty-four.  (Id.).  Both the defendants and Ms. Weissman filed separate motions for a protective order and to terminate or limit the deposition respectively.  (Dkts. ##50 & 53).

## Standard of Review

The scope of permissible discovery is quite broad.  Marchello v. Chase Manhatten Auto Finance Corp., 219 F.R.D. 217, 218 (D.Conn. 2004).   See also Hickman v. Taylor, 329 U.S. 495, 507 (1947)(stating that "the deposition-discovery rules are to be accorded a broad and liberal treatment").  Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth its scope and limitations, providing:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  "Discovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information."  Kimbro v. I.C. System, Inc., No. 3:01CV1676, 2002 U.S. Dist. LEXIS 14599, at *2 (D.Conn. Jul. 22, 2002).  Moreover, in the Second Circuit, "this obviously broad rule is liberally construed."  Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

If a party resists or objects to discovery, Rule 37 of the Federal Rules of Civil Procedure provides that the other party, "upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . ."  Fed. R. Civ. P. 37(a).  A party may object to a request if it is irrelevant, overly broad, or unduly burdensome.  Charles A. Wright, et al., 8A Federal Practice & Procedure § 2174, at 297 (2d ed. 1994).  To prevail on its objection, however, the objecting party must do more than "simply intone [the] familiar litany that the [questions] are burdensome, oppressive or overly broad."  Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984).  The objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [question] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of

the burden." Id. (internal citations and quotation marks omitted). See also Kimbro, 2002 U.S. Dis. LEXIS 14599 at *2 (stating that "the objecting party . . . bears the burden of showing why discovery should be denied")(citation omitted). Moreover, the court, in deciding discovery issues, is afforded broad discretion. See Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004).

Rule 26(c) of the Federal Rules of Civil Procedure pertains to protective orders. It states, in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).

Regarding Ms. Weissman's motion, Rule 30(d)(4) states, in pertinent part:

> At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court . . . may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c).

Fed R. Civ. P. 30(d)(4).

## Discussion

The court has reviewed the entire transcript of the deposition in question, as well as all briefs submitted and supporting cases.

Based on this review, the court agrees with the plaintiffs that all five subjects are clearly within the broad scope of discovery. All five are, at the very least, "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). See also Riddell Sports, Inc. v. Brooks, et al., 158 F.R.D. 555, 557 (S.D.N.Y. 1994)("While not always a model of efficiency, the questioning dealt primarily with information that could lead to relevant evidence . . . ."). However, the court finds that the burden of answering certain questions outweighs their likely value. See Fed. R. Civ. P. 26(b)(2)(iii). Further, the court finds that justice requires that Ms. Weissman be excused from answering these questions to protect her "from annoyance, embarrassment, oppression, or undue burden . . . ." See Fed. R. Civ. P. 26(c). As such, a protective order shall issue, for obvious reasons, regarding the following questions:

> (1) Are you aware of anything about your relationship with Scott Hockler that could hinder his attempt to get custody of his daughter, Samantha?
>
> (2) I am asking you, are you aware of anything in your relationship with Mr. Hockler that could hinder his attempt to get custody of his daughter, Samantha?
>
> (3) Has Mr. Hockler ever told you anything like that [see above] in words or substances?
>
> (4) Has Mr. Hockler in words or substance ever told you that there is something in your past relationship with him that could hinder his attempts to get custody of his daughter, Samantha?

(Tr. 117-18). In all other respects, the motion to compel is

granted: Ms. Weissman is directed to submit to another deposition.[1]

Regarding the scope of the deposition, the court hereby limits the deposition to (1) the sixty questions remaining outstanding, (2) any other questions fairly engendered by the responses to those questions, and (3) any questions regarding the efforts undertaken by Ms. Weissman to respond to the subpoena duces tecum since the deposition.

The court declines to sanction the defendant at this time, but she should be aware that if she fails to adequately respond to the questions posed, the deposition may be continued, at the defendants' expense, until she so complies.  At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion.  See Fed. R. Civ. P. 37(a).

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days

---

[1] The court notes that the attorney-client privilege is not nearly as broad as Attorney Braxton suggests.  See SCM Corp. v. Xerox Corp., 70 F.R.D. 508 (D. Conn. 1976); United States v. United Shoe Mach. Corp., 89 F. Supp. 357 (D. Mass. 1950).  In fact, Attorney Ronan's questions attempt to elicit exactly the kind of information that one would find in a privilege log upon the invocation of the privilege.

after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 14th day of June, 2005.**

>                                    <u>/s/ Thomas P. Smith</u>
>                                    **Thomas P. Smith**
>                                    **United States Magistrate Judge**