UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


SAYLAVEE, LLC AND STEVEN
LICHTMAN,
      - Plaintiffs


    v.                                CIVIL NO. 03:04-CV-1344 (CFD)


SCOTT B. HOCKLER, D/B/A/ DUCKY
INTERACTIVE INC. AND DUCKY
INTERACTIVE, LLC,
      -Defendants


## MAGISTRATE JUDGE'S OPINION

Before the court is defendant's motion for Rule 11 sanctions against plaintiffs Saylavee LLC ("Saylavee") and Steven Lichtman ("Lichtmann"), and their counsel.  Relief is also requested under 28 U.S.C. § 1927.  In support of its motion, defendant argues that the plaintiffs commenced this action for an improper purpose solely to cause pain and damage, and without making a reasonable inquiry into either the factual or legal allegations which form the basis for their complaint dated August 12, 2004.  The motion **[Dkt. # 244]** is **DENIED** consistent with the following.

An attorney has two obligations under Federal Rule of Civil Procedure 11: (1) to ensure that pleadings or motions are well supported by both facts and law; and (2) to refrain from pleading

or moving for an improper purpose.  If either of these obligations are not met, the court may impose sanctions.  <u>State of Connecticut v. Insurance Co. Of America</u>, 121 F.R.D. 159, 161 (D. Conn. 1988).  The imposition of sanctions for any Rule 11 violation is discretionary, not mandatory.  <u>Knipe v. Skinner</u>, 19 F.3d 72, 78 (2d Cir. 1994).

"However, Rule 11 is not intended 'to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law . . . .  Courts must strive to avoid the wisdom of hindsight in determining whether a motion violates Rule 11."  <u>Id.</u> at 78 (quoting <u>Eastway Const. Corp. v. City of New York</u>, 762 F.2d 243, 254 (2d cir. 1985)).  "The focus of a Rule 11 inquiry should be on whether the pleading or motion presents a good faith argument; whether or not the signer ultimately prevails is not determinative."  <u>Insurance Co. of America</u>, 121 F.R.D. at 161.  "Doubt should be resolved in favor of the signer."  <u>Id.</u>; <u>See also</u> <u>Oliveri v. Thompson</u>, 803 F.2d 1265, 1275 (2d Cir. 1986) ("in imposing Rule 11 sanctions, the court is to avoid hindsight and resolve all doubts in favor of the signer").

Moreover, it is well settled that in applying Rule 11, "courts must assess whether an attorney's conduct was objectively reasonable at the time he or she signed the pleading, motion, or other paper."  <u>Wood v. Brosse U.S.A., Inc.</u>, 149 F.R.D. 44, 48 (S.D.N.Y 1993).  Likewise, the substantive requirement imposed on

an attorney or party by Rule 11 is that "[p]leadings, motions, and other papers must be justifiable at the time they are signed." United States v. Internat'l Bhd. of Teamsters, 948 F.2d 1338, 1344 (2d Cir. 1991).

In evaluating whether the signing of a pleading has violated Rule 11, the court shall examine whether, under the circumstances of a given case, the signer has conducted a "reasonable inquiry" into the basis of the filing. MacDraw, Inc. V. CIT Group Equip. Fin., 73 F.3d 1253, 1257 (2d Cir. 1996). "A court may consider a variety of factors, including whether the attorney relied on the client for factual information, whether the pleading was supported by a plausible view of the law, or even how much time was spent on research." O'Malley v. N.Y. Transit Auth., 896 F.2d 704, 706 (2d Cir. 1990). Moreover, counsel are entitled to rely on the objectively reasonable factual representations of their clients. Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329-30 (2d Cir. 1995). "In order to warrant an award of Rule 11 sanctions on the basis that a complaint is not well grounded in fact or law, 'it must be patently clear that a claim had absolutely no chance of success.'" Sussman v. Bank of Israel, 56 F.3d 450, 457 (2d Cir. 1995) (quoting Oliveri, 803 F.2d 1275).

Having presided at an evidentiary hearing in this case, and generally having dealt with the blizzard of paperwork the case has generated, the magistrate finds (as a fact) that Steven Lichtman,

though at times laughably melodramatic, *credibly* testified as to the nucleus of operative facts which he relayed to his then attorney, who incorporated them into a 43 page complaint. Had the instant litigation not settled, the plaintiffs may have been able to prove some, if not many, of their allegations. It certainly cannot be said with any degree of certainty that the plaintiffs had "absolutely no chance of success" in pursuit of their claims. See Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985). To now conclude that the plaintiffs' allegations are the stuff of Rule 11 sanctions because the parties settled their many lawsuits, including this one, is unreasonable and unrealistic. Norris v. Grosvenor Marketing, Ltd., 803 F.2d 1281, 1288 (2d Cir. 1986).

As the magistrate previously stated, "[i]nappropriately hyperbolic allegations, ill-conceived attempts at levity, and other similar manifestations of bad judgment in drafting pleadings, by themselves, fall short of the threshold that Rule 12(f) contemplates." Similarly, the pending motion also falls short of what Rule 11 requires. The court is aware of the defendants' claim that the plaintiffs commenced this action for an improper purpose, with intent to harass and cause harm to the defendants. The court has also reviewed defendants' numerous allegations of misconduct, inappropriate pleadings, and "bully tactics" on the part of plaintiffs. Based on both a careful review of the record and

pleadings, and the magistrate's intimate familiarity with the circumstances of the case at hand, the undersigned finds that the defendant has failed to establish that the plaintiffs or their counsel here engaged in the type of behavior that merits Rule 11 sanctions, or that they commenced this action with the requisite "improper purpose" required for imposition of the same.  Nor do the circumstances warrant assessing costs under 28 U.S.C. § 1927.

The question at this point is whether, under the circumstances, the attorneys conducted a reasonable inquiry into the facts upon which the complaint is based.  MacDraw, Inc. v. CIT Group Equip. Fin., 73 F.3d 1253, 1257 (2d Cir. 1996).  Here, Pullman & Comley's ("Pullman") client presented facts and swore to their truth.  Pullman consulted with, and obtained information from, plaintiffs' other law firm and conducted research at state agencies.  As the judicial officer with the greatest familiarity with this case, the magistrate finds that Pullman satisfied their duty to ascertain facts, and that to impose Rule 11 sanctions on either Pullman or Neubert, Pepe & Monteith would be an abuse of discretion.  In fact, had the underlying motion to reopen to permit the filing of this motion been referred to the magistrate, it would have been denied.

For these reasons, and generally on the basis of the opposition papers filed by Pullman **[Dkt. 254]**, the motion against Pullman **[Dkt. 244]** should be, and is, **DENIED**.

The magistrate further notes that there has been much litigation between Messrs. Lichtman and Hockler, who apparently have the financial means to engage first-rate counsel to wage what appears to be a war of mutual aggression. As a result, this case has been over-litigated. An analysis of the docket sheet alone establishes this.

It is not, nor has it ever been, clear to the magistrate that there was no chance of success on the plaintiffs' claim. Indeed, the court was eagerly anticipating that Mr. Hockler would be called to the stand to explain the alleged dissembling, misrepresentations, and fraud that had been attributed to him by Mr. Lichtman. Unfortunately, the proceedings ended before Mr. Hockler testified. Whether these attributions were true, the magistrate finds that Lichtman sincerely believed their substance and essence. The imposition of sanctions would require the court to reopen and relitigate many, if not all of the claims, and possibly even cases, that have been settled. This is totally unacceptable.

Substantially on the basis of the arguments and authorities set forth in Neubert, Pepe & Monteith's opposition papers **[Dkt. 255]** and the foregoing findings, the court finds that Rule 11 sanctions are not warranted against this firm either. The defendants motion for sanctions **[Dkt. 244]** is **DENIED** as to all parties.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut, this <u>13th</u> day of May, 2009.

/s/
**Thomas P. Smith**
**United States Magistrate Judge**